## FAIR LABOR STANDARDS ACT SETTLEMENT AND RELEASE AGREEMENT

This Fair Labor Standards Act ("FLSA") Settlement and Release Agreement (the "Agreement") is made by and between AMIX SERVICES, INC., d/b/a ASI FIBER GROUP ("ASI" or "Defendant"), CSC Holdings, LLC, and Altice USA, Inc. ("Altice Defendants") (collectively "Defendants") and Plaintiff LUKA KVINIKADZE ("Plaintiff"). Plaintiff and Defendants are collectively referred to as "the Parties."

## RECITALS

The following recital paragraphs are incorporated into and form a part of this Settlement Agreement:

WHEREAS, a dispute exists between Plaintiff and Defendants that resulted in Plaintiff's filing of a lawsuit in the United States District Court for the Eastern District of New York (the "Court") titled Luka Kvinikadze, individually and on behalf of all others similarly situated in the proposed FLSA collective action v. CSC Holdings, LLC, and Altice USA, ASI Fiber Group, and Gureev LLC, Case No. 1:23-cv-02922 (KAM) (MMH), in which Plaintiff asserted, *inter alia*, that Defendant failed to pay Plaintiff minimum wage and overtime wages in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA") and other legal requirements.

WHEREAS, Defendants deny all material allegations and claims asserted in the Lawsuit; and

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Plaintiff's claims and desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing of any Party, to effectuate a full, complete, final, and binding settlement and compromise of all claims that Plaintiff may have against Defendants, known or unknown, asserted or unasserted, at any time through the date of his execution of the Agreement.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

1. **Dismissal of the Lawsuit.** In exchange for the consideration described herein, the Parties agree to seek dismissal of the Lawsuit as against Defendants with prejudice. Plaintiff authorizes his counsel to execute the Stipulation and Order of Dismissal with Prejudice, attached as **Exhibit A**, and to submit any papers to the Court that are necessary to effectuate the dismissal of the Lawsuit as against all Defendants and/or the full release of claims, and enforcement of the Agreement.

This Agreement is contingent on the Court approving the settlement of Plaintiff's FLSA claims and dismissing the Lawsuit with prejudice as against Defendants. In the event that the Court for any reason declines or fails to dismiss the Lawsuit with prejudice as contemplated by

Doc ID: 3d59f5db8533af88765614906b8601624aa56071

this Agreement, this Agreement shall be voidable at Defendants' option. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement; the Parties shall proceed in all respects as though the Agreement had not been executed; nothing contained in this Agreement shall be used as an admission against either Party; and no Party to this Agreement shall be deemed to have waived or relinquished any rights, privileges, claims, or defenses by having entered into this Agreement. Notwithstanding the foregoing, the Parties may agree in a separate writing to modify or alter this Agreement in order to obtain Court approval and dismissal of the Lawsuit with prejudice.

2.    **Release of FLSA and NYLL Wage and Hour Claims.** In exchange for the consideration described in Paragraph 4 of this Agreement, Plaintiff, for himself and his respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Releasors") irrevocably and unconditionally waives, releases, and forever discharges Defendants and their predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, chapters, insurers, reinsurers and parents, and, collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and trustees (collectively, the "Released Parties"), from any and all claims each Releasor may have against any of the Released Parties up to and including the effective date of this Agreement, whether known or unknown, pursuant to the FLSA, as well as any and all state or local wage laws, including but not limited to all claims under the New York Labor Law ("NYLL") or common law, in particular as well, claims for payment of minimum wage and overtime compensation arising under the FLSA along with any claims derivative of such claims including for contributions to pension, welfare and stock plans or related to taxes, unpaid costs, penalties (such as late payment penalties), liquidated damages, punitive damages, compensatory damages, interest, attorneys' fees, litigation costs, or restitution.

3.    **No Admission of Liability.** This Agreement is entered into in compromise of all disputed claims in this matter. The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration described herein are not, and shall not, be construed in any way as an admission of wrongdoing or liability on the part of Defendants. Plaintiff further acknowledges that Defendants deny all allegations of wrongdoing. The Parties intend, by their actions, pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

4.    **Consideration.** In exchange for the promises made by, and in consideration for, all the terms agreed to by Plaintiff in this Agreement, ASI, on behalf of Defendants, agrees to pay Plaintiff and his counsel the amounts listed in paragraph 4 totaling TWENTY-FIVE THOUSAND Dollars ($25,000.00) ("Settlement Sum") within thirty (30) days after the Court approves this Agreement and dismisses the Action with prejudice against Defendants by so ordering the stipulation attached as "Exhibit A," and Plaintiff and Plaintiff's attorney complete, execute, and submit IRS Form W-9s to counsel for Defendants. Payment of the Settlement Sum shall be deemed and operate as full satisfaction of all FLSA and NYLL claims Plaintiff may have for wages and/or liquidated damages. Payments shall be apportioned, as follows:

Doc ID: 3d59f5db8533af88765614906b8601624aa56071

**(a)**    Plaintiff shall be apportioned the amount of fifteen thousand four hundred and five dollars and sixty cents ($15,405.60), with no taxes or withholdings. An IRS Form 1099-MISC (Box 10), will be issued to Plaintiff with respect to this amount;

**(b)**    The Law Office of Christopher Q. Davis shall be apportioned the amount of nine thousand five hundred and ninety-four dollars and forty cents ($9,594.40), for attorney's fees and actual out-of-pocket costs related to representation of Plaintiff for the claims settled herein. An IRS Form 1099-MISC (Box 10) will be issued to The Law Office of Christopher Q. Davis with respect to this amount.

Plaintiff's counsel's provision of an appropriately completed IRS Form W-9 from Plaintiff and from Plaintiff's Counsel shall be a condition precedent to such payments.

The total settlement amount of twenty-five thousand dollars and zero cents ($25,000.000) contemplated by this Paragraph 4 shall be made sent via wire transfer from ASI to The Law Office of Christopher Q. Davis, PLLC's IOLA Account, in Trust for LUKA KVINIKADZE.

Plaintiff and Plaintiff's counsel agree to indemnify and hold Defendants and their counsel harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of Plaintiff's or counsel's failure to pay taxes for which that individual is responsible. Defendants do not make any warranty or representation to Plaintiff or Plaintiff's counsel regarding the tax consequences of any payments.

### 5.    Other Acknowledgements and Affirmations.

(a) Plaintiff agrees and affirms that he is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; that the Agreement is fair and reasonable; that he has consulted with The Law Office of Christopher Q. Davis prior to signing this Agreement; that he has been given a reasonable amount of time to consider this Agreement; and that, absent this Agreement, he would not otherwise be entitled to the consideration specified in Paragraph 4 of this Agreement;

(b) Plaintiff affirms that Plaintiff has not filed or caused to be filed, and is not presently a party to, any claim against Defendants except for the claims in the Lawsuit (which he agrees to the dismissal of with prejudice);

(c) Plaintiff affirms that he has been paid and/or has received all compensation, wages, bonuses, commissions and/or benefits to which Plaintiff may be entitled;

(d) The Parties acknowledge that this Agreement does not limit Plaintiff's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative wage and hour claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

Doc ID: 3d59f5db8533af88765614906b8601624aa56071

6.    **Miscellaneous.**

(a)    **No Waiver by Inaction.** The failure of any Party to insist upon strict adherence to any term of this Agreement shall not be considered a waiver as to that term or any other term in the Agreement.

(b)    **Continuing Jurisdiction.** Nothing in this Agreement is intended to limit the Court's authority to retain continuing jurisdiction over the Parties to administer and enforce the terms of this Agreement.

(c)    **Construction.** The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter. Accordingly, any rule of construction that any ambiguity or uncertainty in a writing shall be interpreted against the party drafting the written instrument shall not apply to the construction of this Agreement.

(d)    **Choice of Law.** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of New York regardless of whether any party is, or may hereafter be, a resident of another state.

(e)    **Extension of Time.** The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement.

(f)    **Counterparts.** This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the Parties to all of the counterparts had signed the same instrument. This Agreement may be executed by "wet" signature (i.e., using pen and paper) or electronic signature (e.g., via DocuSign), and may be delivered by electronic means. E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

(g)    **Modifications.** With the exception of extensions of time as described in Subsection (e) of this Paragraph 6, no amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by the person or entity against whom enforcement is sought.

(h)    **Severability.** The Parties agree that if any phrase, clause, or provision of this Agreement, other than Paragraph 2, is declared illegal, invalid, or unenforceable by a court of competent jurisdiction after this Agreement takes effect, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision of this Agreement, other than Paragraph 2, is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction after this Agreement takes effect, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If the release set forth in

Doc ID: 3d59f5db8533af88765614906b8601624aa56071

Paragraph 2 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part after this Agreement takes effect, then this Agreement shall be voidable in its entirety at Defendants' option, in which case Plaintiff shall return the consideration received.

**[SIGNATURE PAGES FOLLOW]**

Doc ID: 3d59f5db8533af88765614906b8601624aa56071

_____
Signed by: LUKA KVINIKADZE
Dated:_____

_____
Signed by: Michael E. Olsen
Title: General Counsel
*Altice USA and CSC Holdings, LLC*
Dated: January 24 2024

_____
Signed by: _____
Title: _____
*Amix Services, Inc. d/b/a ASI Fiber Group*
Dated: _____

Signed by: LUKA KVINIKADZE
Dated: 01 / 29 / 2024

Signed by: _____
Title: _____
*Altice USA and CSC Holdings, LLC*
Dated: _____

## Steve Nicklas

Signed by: Steve Nicklas
Title: _____
*Amix Services, Inc. d/b/a ASI Fiber Group*
Dated: Jan 30, 2024

FLSA Settlement and Release Agreement, Page 6

Doc ID: 3d59f5db8533af88765614906b8601624aa56071

**Dropbox** Sign                                         Audit trail

| | |
|---|---|
| **Title** | Final Settlement Agreement.pdf |
| **File name** | Final%20Settlement%20Agreement.pdf |
| **Document ID** | 3d59f5db8533af88765614906b8601624aa56071 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ⊙ Signed |

This document was requested from app.clio.com

## Document History

| | | |
|---|---|---|
| ⟳ **SENT** | **01 / 29 / 2024** 15:19:14 UTC | Sent for signature to Luka Kvinikadze (lukakvinikadze1@gmail.com) from rhaskell@workingsolutionsnyc.com IP: 65.204.10.231 |
| ◉ **VIEWED** | **01 / 29 / 2024** 15:22:51 UTC | Viewed by Luka Kvinikadze (lukakvinikadze1@gmail.com) IP: 92.241.82.66 |
| ✐ **SIGNED** | **01 / 29 / 2024** 15:23:58 UTC | Signed by Luka Kvinikadze (lukakvinikadze1@gmail.com) IP: 92.241.82.66 |
| ⊘ **COMPLETED** | **01 / 29 / 2024** 15:23:58 UTC | The document has been completed. |

**Signature:** Steve Nicklas (Jan 30, 2024 10:16 EST)
**Email:** steve@burningglass.net

Powered by **Dropbox** Sign

# Final_Settlement_Agreement.pdf-lukakvinikadze 1_gmail.com (002)

**Final Audit Report**                                             2024-01-30

| | |
|---|---|
| Created: | 2024-01-29 |
| By: | Ariana Acevedo (amacevedo@wgrlaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA_kWboy6agUn3mi_7adVrxnx3A-Kh4hC8 |

## "Final_Settlement_Agreement.pdf-lukakvinikadze1_gmail.com (0 02)" History

✒ Document digitally presigned by Dropbox Sign
    2024-01-29 - 3:24:08 PM GMT

📄 Document created by Ariana Acevedo (amacevedo@wgrlaw.com)
    2024-01-29 - 5:18:16 PM GMT

✉ Document emailed to Steve Nicklas (steve@burningglass.net) for signature
    2024-01-29 - 5:23:35 PM GMT

📄 Email viewed by Steve Nicklas (steve@burningglass.net)
    2024-01-30 - 2:58:58 AM GMT

✒ Document e-signed by Steve Nicklas (steve@burningglass.net)
    Signature Date: 2024-01-30 - 3:16:09 PM GMT - Time Source: server

⊘ Agreement completed.
    2024-01-30 - 3:16:09 PM GMT

**Adobe Acrobat Sign**

**EXHIBIT A**

FLSA Settlement and Release Agreement, Page 7

Doc ID: 3d59f5db8533af88765614906b8601624aa56071

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

LUKA KVINIKADZE, individually and on behalf
of all others similarly situated,

                             Plaintiffs,

            -against-

CSC HOLDINGS, LLC, ALTICE USA, INC.,
ALTICE TECHNICAL SERVICES US CORP.,
ASI FIBER GROUP, and GUREEV LLC,

                      Defendants.

---------------------------------------------------------------X

Civ. No.: 1:23-cv-2922

## STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff LUKA
KVINIKADZE ("Plaintiff") and Defendants AMIX SERVICES, INC., d/b/a ASI FIBER GROUP
("ASI" or "Defendant"), CSC Holdings, LLC, and Altice USA, Inc..[1] ("Altice Defendants")
(collectively "Defendants") that the parties' FAIR LABOR STANDARDS ACT SETTLEMENT
AND RELEASE AGREEMENT ("Agreement") having been found to constitute a fair and
reasonable compromise of a *bona fide* dispute, this action is dismissed, with prejudice, in its
entirety and with no award of attorneys' fees, costs or disbursements to Plaintiff or Defendants by
the Court.  Pursuant to the terms of the Agreement, the Court retains jurisdiction over disputes
between the parties for purposes of enforcement of the settlement.

[INTENTIONALLY LEFT BLANK – SIGNATURES ON FOLLOWING PAGE]

---

[1] Altice Technical Services US Corp. was terminated on October 24, 2023, per the order from Judge Kiyo A.
Matsumoto.

FLSA Settlement and Release Agreement, Page 8

Doc ID: 3d59f5db8533af88765614906b8601624aa56071

*Attorney for Plaintiff*
Name:  Christopher Q. Davis, Esq.
         Rachel M. Haskell, Esq.
Address:  The Law Office of
            Christopher Q. Davis
            80 Broad Street, Ste. 703
            New York, NY  10004
Telephone: (646) 430-7930
Email:  cdavis@workingsolutionsnyc.com
         rhaskell@workingsolutionsnyc.com


Dated:  01 / 29 / 2024

*Attorneys for Defendants Altice USA and CSC Holdings, LLC*
Name:  Jonathan M. Kozak, Esq.
         Elyse Patterson, Esq.
Address: Jackson Lewis P.C.
            44 South Broadway, 14th Fl.
            New York, NY  10601


Telephone: (914) 872-8060
Email:  jonathan.kozak@jacksonlewis.com
         elyse.patterson@jacksonlewis.com


Dated:

*Attorneys for Defendants Amix Services, Inc. d/b/a ASI Fiber Group,*
Name:  Michael T. Rogers, Esq.
         Ariana Marte Acevedo, Esq.
Address:     Wasserman Grubin & Rogers, LLP
            1700 Broadway, 16th Floor
            New York, NY 10019
Telephone:   (212) 581-3320
Email:  amacevedo@wgrlaw.com
         mrogers@wgrlaw.com
Dated:


SO ORDERED THIS ____ DAY OF _____, 2024.


_____
United States Magistrate Judge

4884-4405-6479, v. 1

FLSA Settlement and Release Agreement, Page 9